Form 3015-B Last Revised 9/21/06

# UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Gwendolyn Epps Franklin**          Case No:   **06-61593**

This plan, dated   **October 19, 2010**   , is:

    ☐ the *first* Chapter 13 plan filed in this case.

    ☒ a modified plan, which replaces the plan dated          **August 30, 2010**

The plan provisions modified by this filing are:

To provide for post-petition arrears owed to Citi Group.

Creditors affected by this modification are:

All

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed on or before ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | | |
|---|---:|---|
| Total Assets: | $ 118,353.00 | |
| Total Non-Priority Unsecured Debt: | $ 30,640.15 | **BASED ON CLAIMS FILED** |
| Total Priority Debt: | $ 1,363.09 | |
| Total Secured Debt: | $ 119,136.00 | |

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$362.00** per **Month** for **14** months. Other payments to the Trustee are as follows:

   Plus funds received of $71,817.98 as of 10/15/10. Payments resume 11/30/10_____. The total amount to be paid into the plan is **$16,885.98**_____.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**
        The Trustee will be paid 10% of all sums disbursed except for the funds returned to the debtor(s). Debtors attorney will be paid **$3,000.00** balance due of the total fee of **$3,000.00** concurrently with or prior to the payments to remaining creditors.

    B.  **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| IRS | Taxes | $449.30 | pro rata |
| Va Dept of Taxation | Taxes | $913.72 | pro rata |
|  |  |  |  |
|  |  |  |  |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A.  **Claims to Which Sec. 506 Valuation is NOT Applicable.**
    Claims listed in this section consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See Sec. 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Estimated Claim Amount | (e) Interest Rate | (f) Monthly Payment and Estimated Term ** |
|---|---|---|---|---|---|
| n/a |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

B. **Claims to Which Sec. 506 Valuation is Applicable.**
Claims to Which §506 Valuation is Applicable. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Payment and Estimated Term ** |
|---|---|---|---|---|---|
| Schewel Furniture Co Inc | Furniture | 2001 | $50.00 | 9.00% | 1 monthly payment of $57.76 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**   **THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

C. **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| n/a |  |  |  |
|  |  |  |  |

4. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __4.00%__ . If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately 0.00% .

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| n/a |  |  |
|  |  |  |
|  |  |  |

5. **Long-Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

A. **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Amount |
|---|---|---|---|---|---|---|
| Sperry Marine Federal CU | 186 Honeysuckle Lane, Roseland, VA | $500.00 | $500.00 | n/a | 40 months | pro rata |
| The Citi Group/Consumer Finance pre-petition | 186 Honeysuckle Lane, Roseland, VA | $702.69 | $1,795.00 | n/a | 50 months | pro rata |
| FS Financial Marketing Inc | 2000 Ford Explorer | $362.00 | None | n/a | n/a | n/a |
| The Citi Group/Consumer Finance 1st post-petition | 186 Honeysuckle Lane, Roseland, VA | $702.69 | $2,000.00 | n/a | 55 months | pro rata |
| The Citi Group/Consumer Finance 2nd post-petition | 186 Honeysuckle Lane, Roseland, VA | $702.69 | $702.69 | n/a | 16 months | pro rata |

B. **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|
| n/a | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| n/a | |
| | |

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrearage | Estimated cure period |
|---|---|---|---|---|
| Primetime | Rental Property | None | n/a | n/a |
| | | | | |

7. **Motions to Avoid Liens.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
   |---|---|---|---|---|
   | n/a | | | | |
   | | | | | |
   | | | | | |
   | | | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | n/a | | | |
   | | | | |

8. **Treatment of Claims.**
   - All creditors must timely file a proof of claim to receive payment from the Trustee
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.

   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**
    A. **Interest on Claims Secured by Collateral and Listed in 3(A) or 3(B).**
    With respect to the creditors noted in Paragraph 3(A), interest will acrue on the allowed secured claims from the date of filing even though the periodic payments by the Chapter 13 Trustee will not begin until the date noted in Paragraph 11(E). Upon completion of the plan, the creditor shall release its lien and deliver any certificate of title to the debtor(s).

**B.    Adequate Protection**

Unless otherwise ordered, the Adequate Protection payment(s) for creditors listed under Paragraphs 3A and 3B of this Plan and required by 11 U.S.C. Section 1326(a)(1) shall be paid, subject to Court approval, by the Trustee to the allowed secured claimant(s) pursuant to this Paragraph 11B.*** The amount to be paid as Adequate Protection is noted below for each month from the date of the filing of the Bankruptcy until the date that the regular periodic payments shall begin (see Paragraph 11E) to said allowed claimant under Paragraphs 3A and/or 3B. Payment of the Adequate Protection will only be made to creditors that have filed allowed secured claims, and the payment of any such amount will be applied as a credit against the amount of the allowed claim that is being paid by the Trustee with interest as noted herein pursuant to Paragraphs 3A, 3B and 11A. Note that the distribution of these Adequate Protection payments will not begin until the Trustee is authorized to distribute said funds pursuant to a separate Adequate Protection order entered by the Court. Should the Debtor(s)' case be the Trustee will nonetheless disburse these

Adequate Protection payments to the allowed claimants entitled to receive said payments under this Plan prior to distributing any payments to the Debtor(s), their attorney, or any other claimants, with the funds the Trustee has available at that time.

| Creditor | Collateral | Collateral Value | Adequate Protection Per Month | Date Payments to Begin |
|---|---|---|---|---|
| Schewel Furniture Co | Furniture | $50.00 | None | None because amount de minimus |
| | | | | |
| | | | | |
| | | | | |

*** The Debtor(s) have filed or will be filing a separate Motion for Adequate Protection noticed to the Trustee and to the Creditors below seeking: (a.) the Court's approval of the amount and term of Adequate Protection as defined in this Plan, and (b.) Court authority for the Trustee to make distributions of said Adequate Protection to the Creditors below upon Confirmation.

**C.    Additional Adequate Protection**

Adequate Protection also consists of the following in this case:

[x] The Debtor's payment required by Paragraph 1 shall be made to the Trustee by wage deduction

[x] Insurance will be maintained on all vehicles securing claims to be paid by the Trustee pursuant to Paragraphs 3A and 3B

[x] Interest will accrue on all secured claims being paid by the Trustee in the amounts stated in paragraphs 3A and 3B from the date of filing until the date said claims are paid in full

**D.    Attorneys Fees**

Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 3, 4, 5, and 6 herein. Notwithstanding the foregoing, the Attorneys Fees noted in Paragraph 2A shall not be paid by the Trustee prior to Domestic Support Obligations as defined by Bankruptcy Code §507(a)(1)(A) and disclosed in Paragraph 2B of this Plan but will be paid pro rata with said Domestic Support Obligations.

Document      Page 7 of 8

E. **Estimated Start Date for Periodic Payments Required Under Paragraphs 3A and 3B.** The debtor(s) estimate that the periodic payments required by Paragraphs 3A and 3B will begin to be paid by the Trustee to the creditors as follows.

| Creditor | Estimated Date Periodic Payments to Begin*** |
|---|---|
| Schewels | Month 38 |
| | |
| | |
| | |
| | |

***NOTE: *The above "estimated" start dates for periodic payments are approximations. The actual start dates for payments from the Trustee to these creditors may vary.*

F. **Date Debtor(s) to Resume Regular Direct Payments to Creditors that are being Paid Arrearages by the Trustee under Paragraphs 5A and 6B**

| Creditor | Month Debtor to Resume Regular Direct Payments |
|---|---|
| Sperry Marine FCU | November 2006 |
| The Citi Group/Consumer Fin. | September 2010 |
| | |
| | |
| | |

G.

Dated:       8/30/2010

                /s/ Gwendolyn Epps Franklin                                   /s/ David Wright
                              Debtor                                                Debtor's Attorney